NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELISABET DEL PILAR CASAS-LUCAS; JHOSTIN ARMANDO DELGADO-CASAS; AIRTHON YOHAO DELGADO-CASAS; GENCCO ADRIANO DELGADO-CASAS, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-6723 <br><br> Agency Nos. <br> A240-515-934 <br> A240-515-759 <br> A240-515-933 <br> A240-515-760 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
San Francisco, California

Before: GOULD, OWENS, and BUMATAY, Circuit Judges.

Elisabet Del Pilar Casas-Lucas ("Casas-Lucas") and her three children

(collectively, "Petitioners") petition this court to vacate the Board of Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

1.     "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citing *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We review the denial of an application for asylum and withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (emphasis added)).

2.     "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma*, 9 F.4th at 1059 (internal quotations and citations omitted). Substantial evidence supports the agency's finding that the abuse Casas-Lucas faces from the father of her children, Armando Delgado Vasquez, rises to the level of "persecution" but is due to Armando's drug use and financial disputes, not due

to Casas-Lucas's gender or her membership in any particular social group.[1]

Because of this lack of nexus to a protected social group, Petitioner Casas-Lucas

cannot prevail on her claims for asylum or withholding of removal.

Simiarly, the agency's conclusion that anonymous extortionary threats

Casas-Lucas received on her motorcycle taxi were not sufficient to constitute

"persecution" in order to sustain a remedy for asylum or withholding of removal is

supported by substantial evidence. We have recognized that "[p]ersecution is an

extreme concept," *Kaur v. Wilkinson*, 986 F.3d 1216, 1222 (9th Cir. 2021)

(citations omitted), and as such, "does not include every sort of treatment our

society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)

(citations omitted). We have recognized that threats alone "are very rarely

sufficient to rise to the level of persecution," *Hussain v. Rosen*, 985 F.3d 634, 647

(9th Cir. 2021), but that we "generally look at all of the surrounding circumstances

to determine whether . . . threats are actually credible and rise to the level of

persecution." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). The

---

[1] We decline to address Petitioners' three new proposed particular social groups raised for the first time on appeal because Petitioner did not exhaust administrative remedies in raising these arguments before the IJ and BIA. *See Yanez Guzman v. Garland,* No. 22-966, 2024 WL 687451, at *2 (9th Cir. Feb. 20, 2024) (finding failure to exhaust newly raised social group under 8 U.S.C. § 1252(d)(1)). Regardless, the agency considered, *sua sponte*, Casas-Lucas's membership in a potential gender-based social group and properly found that any abuse she suffers from Armando is not due to gender.

record supports the agency's conclusion that these threats, in context, do not rise to the level of "persecution" we have required in the past. Because we are not compelled to hold otherwise, we affirm the agency's denial of asylum and withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution.").

3.     Finally, we decline to address Petitioners' CAT claim. Petitioners did not file a timely appeal brief before the BIA, and the BIA reviewed only those arguments and claims that were raised in Petitioners' Notice of Appeal. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (finding that when a petitioner fails to file a brief before the BIA, then "the notice of appeal serves in lieu of a brief, and [the petitioner] will be deemed to have exhausted all issues raised therein"). Because Petitioners did not substantively address the CAT claim, the BIA deemed the claim waived. We decline to review a claim when that claim has not been exhausted before the administrative agency. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the [noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right"); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (holding § 1252(d)(1) to be a non-jurisdictional but mandatory claim processing rule).

24-6723

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied. *See* Dkt. No. 2.